United States District Court
Southern District of Texas
FILED
MAY 25 2021
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
May 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:20-CV-00232 |
| § | |
| JAMES A BAKER, III, et al. § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff, William Lee Grant II, as a non-prisoner and proceeding pro se, has filed a civil rights lawsuit pursuant to 42 U.S.C. §§ 1983 and 1985, along with an application to proceed in forma pauperis ("IFP") seeking to avoid paying court fees associated with bringing a civil action. (Dkt. Nos. 1 and 2).

Plaintiff has filed dozens of frivolous cases throughout the federal courts across this country, and the Southern District of Texas has not been immune to his filings. At least two District Judges in the Southern District of Texas have held that, for reasons of comity, Plaintiff's IFP status should be denied because he has failed to pay sanctions imposed by other federal district courts for filing a frivolous complaint.

Regarding the underlying complaint filed on August 18, 2020, in the McAllen Division, Plaintiff has also filed virtually the same complaint in the Brownsville (August 11), Corpus Christi (August 18), and Laredo (August 14) Divisions of the Southern District of Texas. In each of these three Divisions, Plaintiff's IFP application was denied due to comity, frivolousness, or both.[1]

---

[1] Since these cases were terminated, on January 7, 2021, Plaintiff repackaged many of his allegations and filed a lawsuit against James A. Baker, III, in state court in Harris County, Texas. That case was removed to federal court on February 26, 2021 and is currently pending in the Southern District of Texas, Houston

This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). After review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's IFP application (Dkt. No. 2) be DENIED and that his case (Dkt. No. 1) be DISMISSED without prejudice due to comity and his claims being frivolous.

## I. BACKGROUND

Plaintiff is a serial filer of lawsuits in federal court. As U.S. District Judge Keith Ellison noted, after reviewing the online Public Access to Courts Electronic Records (PACER) in June 2019, "[P]laintiff has filed nearly 200 pro se federal civil and miscellaneous lawsuits, transfers, and appeals nationwide, mostly over the past two or three years and all of which were resolved against him." (*Grant v. Clerk of Court*, 4:19-CV-02014, Dkt. No. 5 at 1).

Here, both Plaintiff's civil rights complaint and his IFP application were docketed on August 18, 2020, in the McAllen Division. (*See* Dkt. Nos. 1 and 2). Only four days prior, on August 14, 2020, a virtually identical IFP application and complaint[2] from Plaintiff were docketed in the Southern District of Texas, Laredo Division. (*Grant, II, v. Baker et al*, 5:20-CV-00131, Dkt. Nos. 1 and 2).

On August 26, 2020, U.S. District Judge Diana Saldaña ordered that Plaintiff's IFP application filed in the Laredo Division be denied. (*Grant, II, v. Baker et al*, 5:20-CV-00131, Dkt. No. 5). As Judge Saldaña noted, "[t]he current suit continues a long string of suits Plaintiff has brought in federal court. This District is no stranger to them." (*Id.* at 1). Judge Saldaña then noted

---

Division, Case No. 4:21-cv-00652. The Government has filed a motion to dismiss under Rule 12(b)(6), which is currently pending. (Case No. 4:21-cv-00652, Dkt. No. 3).

[2] Each complaint consists of over a hundred different paragraphs that are identical, except with slight handwritten changes to the written text. The only substantial difference is that Plaintiff's complaint filed in the Laredo Division contains one extra page with additional paragraphs that are not in the complaint filed in the McAllen Division. (*See Grant, II, v. Baker et al*, 5:20-CV-00131, Dkt. No. 1 at 16).

that in another case filed by Plaintiff in the Southern District of Texas, (*Grant, II, v. U.S. Department of Defense*, 4:19-MC-01677, Dkt. No. 2 ), U.S. District Judge Andrew S. Hanen "concluded 'for reasons of comity,' that Plaintiff should not be allowed to file a civil suit in this District until he pays the fees he owes in connection with numerous unsuccessful suits he brought in the District Court for the Central District of Illinois." (*Grant, II, v. Baker et al*, 5:20-CV-00131, Dkt. No. 5 at 2).

After reviewing at least two outstanding monetary sanctions against Plaintiff, including a $100 sanction and preclusion order against Plaintiff in the Northern District of Texas, Judge Saldaña agreed with Judge Hanen's ruling and found "it appropriate to prohibit Plaintiff from filing suit because of his failure to pay the above-mentioned sanctions." (*Id.*). Judge Saldaña also found that, even if comity were not invoked, Plaintiff's complaint would have to be dismissed under 28 U.S.C. § 1915(e)(2)(b) as frivolous. (*Id.* at 3). As Judge Saldaña noted, "[t]his Court, like many before it, is unable to parse, let alone credit, Plaintiff's allegations. Accordingly, the Court finds that they lack an arguable basis in fact." (*Id.*). Judge Saldaña then ordered that Plaintiff's IFP application be denied, and his claims be dismissed without prejudice as to refiling, "subject to his payment of the aforementioned sanctions and fees." (*Id.*).

Plaintiff also filed substantially the same civil complaint in both the Brownsville and Corpus Christi Divisions of the Southern District of Texas. On August 11, 2020, in the Brownsville Division, Plaintiff filed three similar complaints, which were consolidated into a single case. (*Grant, II, v. Baker et al*, 1:20-CV-00123, Dkt. No. 5) (consolidation order); (*see Grant, II, v. Baker et al*, 1:20-CV-00125); (*Grant, II, v. Baker et al*, 1:20-CV-00126). On November 5, 2020, U.S. District Judge Rolando Olvera, in a one-page Order, found that Plaintiff failed to provide plausible factual allegations to support his claims and failed to state a claim for

which relief could be granted. (*Grant, II, v. Baker et al*, 1:20-CV-00123, Dkt. No. 9 at 1). Consequently, Judge Olvera denied Plaintiff's IFP motion and dismissed Plaintiff's Brownsville case without prejudice. (*Id.*).

Likewise, in the Corpus Christi Division, Plaintiff filed a substantially similar complaint on August 18, 2020. (*Grant, II, v. Baker et al*, 2:20-MC-00871, Dkt. No. 5). In that case, U. S. Magistrate Judge Jason B. Libby recommended that Plaintiff's IFP application be denied

> because (1) the claims listed in the complaint are frivolous; (2) there is no connection to, or jurisdiction in, the Corpus Christi Division of the Southern District of Texas; (3) Petitioner simultaneously filed similar complaints in both the Laredo (5:20-cv-131) and McAllen (7:20-cv-232) Divisions of the Southern District of Texas; and (4) United States District Judge Andrew Hanen has previously held that, for reasons of comity, Plaintiff should not be allowed to file a civil suit in this District until he pays the fees owed in the Central District of Illinois.

(*Grant, II, v. Baker et al*, 2:20-MC-00871, Dkt. No. 2 at 1-2). On December 11, 2020, U.S. District Judge David S. Morales issued a two-page Order that (1) overruled Plaintiff's objections to the Magistrate Judge's report and recommendation, (2) adopted the Magistrate Judge's report and recommendation, and (3) denied Plaintiff's motion to proceed in forma pauperis. (Dkt. No. 4 at 2). Plaintiff's Corpus Christi case was terminated the same day. (*See* Dkt. Entry dated December 11, 2020).

Finally, as of the date of this Report and Recommendation, Plaintiff has not paid his monetary sanctions in the District Courts in the Central District of Illinois or in the Northern District of Texas.

## II. RELEVANT LAW AND ANALYSIS

### A. Requirements to Proceed as IFP.

An indigent litigant can request in forma pauperis status under Title, 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or give security thereof. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.[3]

*Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Id.* "Whether a party may proceed [in forma pauperis] in district court is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F.App'x 327, 327 (5th Cir. 2019) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "Poverty sufficient to qualify does not require absolute destitution." *Id.* (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Further, in deciding whether to grant in forma pauperis status, a court should examine a plaintiff's financial information to determine whether paying court-filing fees would cause an undue financial hardship. *Prows,* 842 F.2d at 140. And, in doing so, it should use its discretion to consider whether "the demands on [Plaintiff's] income" are mandatory or discretionary, and evaluate whether these expenses should have a higher priority than the costs associated with the filing of the lawsuit. *Id.*

When reviewing Plaintiff's IFP application, it indicates that his only income is $2,400.00 from "Supplemental Nutrition Assistance Program (SNAP)," which is a federal program that provides food-purchasing assistance for low-and no-income people. (*See* Dkt. No. 2 at 1). He purports to have no money in a checking or savings account. (*Id.* at 2). Plaintiff reports no assets, but indicates that he has financial obligations pertaining to 1) an outstanding student loan, 2) an

---

[3] Notwithstanding the word "prisoner" in the text of 28 U.S.C. § 1915(a)(1), the provision applies to all non-prisoner litigants that may be unable to afford filing fees. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241-42 (5th Cir. 1997).

outstanding automobile loan, 3) a Capital One credit card balance, and 4) an outstanding cellular phone bill. Based on this information alone, Plaintiff arguably qualifies for IFP status. However, as set out below, if the Court were to grant Plaintiff IFP status, it would be futile.

**B. Plaintiff's Complaint Is Frivolous.**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), the Court shall dismiss a case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. A complaint may be dismissed as frivolous if the claim lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). The plaintiff's factual allegations must be weighted in favor of the plaintiff unless they are clearly baseless. *Hernandez*, 504 U.S. at 32-33. A court may "pierce the veil of the complaint's factual allegations," and dismiss the complaint as factually frivolous if the facts alleged are "fanciful," "fantastic," or "delusional." *Id.* This inquiry can be guided by judicially noticeable facts. *Id.*; *Brown v. Philadelphia*, 331 F. App'x 898, 900 (3rd Cir. 2009). A court may not dismiss the complaint, however, simply because it finds the allegations unlikely. *Id.* A complaint is *not* factually frivolous if it could be remedied through more specific pleading. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Hernandez*, 504 U.S. at 33-34. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

As Judge Saldaña noted, Plaintiff's claims are difficult to decipher. Essentially, Plaintiff claims that he is an entity created by the federal government, and that the government has continued to manipulate and control various aspects of Plaintiff's life as part of a vast conspiracy known as "Operation Hometown Glory." A summary of just some of his claims shows that his

allegations rise to the level of frivolousness contemplated by 28 U.S.C. § 1915(e)(2)(B). For example, Plaintiff makes the following assertions, taken from his complaint:

- The Commander-In-Chief (Ronald Reagan) directed the Secretary of Defense (Caspar Weinberger) in 1983 to create Mr. Grant to predict future nuclear attacks.

- After President Ronald Reagan directed the Secretary of Defense to create Mr. Grant to predict future nuclear attacks, the White House Chief of Staff (James A. Baker)[4] coordinated with the Secretary of Defense to create Mr. Grant.

- The Secretary of the Treasury (James A. Baker) siphoned two billion dollars from the U.S. Treasury to fund the creation of Mr. Grant through the U.S. Department of Defense.

- The Office of the Secretary of Defense (OSD) created Mr. Grant in 1990 at Air Force Systems Command in Ohio.

- Mr. Grant was transferred to the basement of the Pentagon in 1990. Mr. Grant was detained in the basement of the Pentagon for two and a half years.

- The former Secretaries of Defense (Caspar Weinberger and Frank Carlucci) and Secretary of State (James A. Baker) coordinated with members of the Office of the Secretary of Defense and Joint Special Operations Command (JSOC) to engineer Mr. Grant's life to give cause for Mr. Grant to appear in Federal Court.

- The White House Chief of Staff (James A. Baker) and the Office of the Secretary of Defense used their positions to recruit assistance from Illinois politicians and Illinois law enforcement to unlawfully detain Mr. Grant in Illinois for a premeditated twenty-eight (28) year conspiracy to unlawfully detain and conspire against Mr. Grant in violation of Mr. Grant's U.S. Constitutional rights known as OPERATION: HOMETOWN GLORY.

- In 2002, Mr. Grant was forced to stab Dr. Bill Grant, or the OSD would have sent someone to kill Dr. Bill Grant.

- Mr. Grant was forced to "act gay" for seven (7) years, or the OSD would have sent someone to rape Mr. Grant.

(Dkt. No. 1 at 3-4, ¶¶ 16-22, 27, 29).

A review of similar allegations of wide-ranging conspiracies targeting a plaintiff show that the instant allegations are factually frivolous as they are "fanciful," "fantastic," or "delusional."

---

[4] There seems to be no connection in Plaintiff's complaint to the Southern District of Texas other than the fact that James A. Baker currently resides in Houston, Texas. (Dkt. No. 1 at 15).

*Hernandez*, 504 U.S. at 33. For example, the District Court for the Eastern District of Pennsylvania dismissed claims as frivolous where a plaintiff alleged a "far-reaching conspiracy" against him by the Department of Homeland Security, including installing an elaborate surveillance system to monitor him, and lacing his Hershey's chocolate with powerful sedatives. *Czmus v. Meehan*, No. CIV.A. 08-1675, 2008 WL 4361046, at *1 (E.D. Pa. Sept. 24, 2008); *see also Hines v. United States*, 166 F. App'x 610, 611 (3rd Cir. 2006) (dismissing claim as frivolous where a plaintiff "claimed that the United States government and others have tortured him with poisonous gas for the last 12 years whenever he tried to study toward his career goals"); *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) ("An IFP complaint that . . . postulates facts of an entirely fanciful nature is prime candidate for dismissal under § 1915[e] . . . ."); *Toole v. Obama*, No. 1:12-cv-363-KS-MTP, 2013 WL 636809, *3-4 (S.D. Miss. Feb. 20, 2013) (dismissing as fantastic and delusional a plaintiff's claims against President Barack Obama and Justices John G. Roberts and John Paul Stevens); *Trobovic v. Perry*, No. 05-5200, 2007 WL 708880, *3 (D.N.J. Mar. 5, 2007) (dismissing as delusional Plaintiff's allegations regarding a sweeping conspiracy against him by General Services Administration employees and an organization involving bulldogs).

Other federal courts have dismissed as frivolous substantially similar claims made by *this very same Plaintiff*. Barring Plaintiff from filing further civil suits within its district, the District Court for the Central District of Illinois summarized in its order the following:

> his complaints include, for example, allegations that the Department of Defense and the Joint Chiefs of Staff created him in the basement of the Pentagon to be the judge of whether there were war crimes committed during the Vietnam War and to serve as a witness to the 9/11 terrorist attacks. He also alleges that much of his life—including dental and ophthalmological appointments and procedures, his employment, his education, and his sexuality—was orchestrated by the Department of Defense to ensure control over him and to allow sources to report on his behavior. The Court held these claims were frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) because Grant's "allegations are bizarre, irrational or

incredible," which is to say, "no reasonable person could suppose them to have any merit."

*Matter of Grant*, No. 3:19-CV-3001, 2019 WL 8334651, at *1 (C.D. Ill. Feb. 12, 2019); *see also Grant v. US Dep't of Def.*, No. 8:19-CV-03545-DCC, 2020 WL 1876266 (D.S.C. Apr. 15, 2020) (dismissing as frivolous instant Plaintiff's claims to be a Government-engineered entity who had been unlawfully detained as part of Operation Hometown Glory); *Grant v. U.S. Cent. Command*, No. 5:19-cv-350-OC-30PRL, 2019 WL 3857994, at *1 (M.D. Fla. Aug. 16, 2019) (dismissing case with prejudice and noting that the instant "Plaintiff has brought the same claims dozens of times in district courts throughout the U.S. (he filed at least 29 cases in Illinois alone), and claim preclusion or res judicata bars his claims"); *Grant v. U.S. Dep't of the Treasury*, No. 6:18-cv-291, 2018 WL 3748415 (E.D. Tex. June 25, 2018) (dismissing complaint as barred by res judicata and as frivolous and noting that instant Plaintiff had filed numerous complaints in various district courts making similar allegations); *Grant v. Kabaker*, No. 17-cv-3261, 2017 WL 8791109, at *1 (C.D. Ill. Dec. 4, 2017) (dismissing case with prejudice and noting that the court had "previously dismissed numerous other cases filed by this Plaintiff, many of which named as a defendant all or some of the Defendants the Plaintiff again named as defendants in this case" and noting that "Plaintiff has filed multiple unfounded lawsuits that waste the time and resources of the federal court").

Moreover, another district court has dismissed with prejudice as frivolous *the very same claims* that Plaintiff raises in the Southern District of Texas, McAllen Division. On July 23, 2020, a virtually identical complaint from Plaintiff was docketed in the District Court for the District of Columbia, weeks before his related complaints were docketed in four divisions of the Southern District of Texas. *See William Lee Grant, II, v. James A. Baker*, et al, 1:20-cv-01725 (UNA) (D.D.C. July 30, 2020). In fact, it appears that the instant complaint is an identical copy of the

9 / 11

complaint filed in the District of Columbia, with the only difference being that he added two new pages to the instant complaint. (Dkt. No. 1 at 14-15, ¶¶ 43-148). These two new pages merely refer to additional litigation history in the federal courts in Texas, the District of Columbia, and Ohio and provide some facts about James A. Baker. (*Id.*). Otherwise, the complaints are identical.

United States District Judge James E. Boasberg granted Plaintiff IFP status and then dismissed the case with prejudice. *William Lee Grant, II, v. James A. Baker*, et al, 1:20-cv-01725 (UNA) (D.D.C. July 30, 2020). Judge Boasberg referred to another case within the District of Columbia as providing the reasons for dismissal. *See Grant v. Department of Justice*, No. 17-CV-1434 (UNA) (D.D.C. August 4, 2017). In the case referred to, the District Court explicitly dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found Plaintiff's complaint to be "frivolous and fail[ing] to state a claim for which relief may be granted." *Id.* Thus, Judge Boasberg dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) in his July 30, 2020 order.

For the reasons stated above, the undersigned concludes that Plaintiff's complaint is frivolous.

### III. CONCLUSION

*Recommended Disposition*

After review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's IFP application (Dkt No. 2) be DENIED and that his case (Dkt. No. 1) be DISMISSED without prejudice due to comity and his claims being frivolous.

*Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed.

R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this report to the parties by any receipted means.

SIGNED this 25th day of May 2021 at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge